IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAD GARDNER and DENISE CATALDI, | : : : |
| Plaintiff, | : Civil Action : |
| v. | : No. 13-cv-3467 : |
| NORFOLK SOUTHERN CORP., et. al. | : : : : |
| Defendants. | : |

## MEMORANDUM

**STENGEL, J**                                                                                                                                                          **October 2, 2013**

Brad Gardner and Denise Cataldi, plaintiffs, bring this personal injury action based on diversity of citizenship. Defendants have filed a motion to transfer this case to the United States District Court for the District of New Jersey. Upon consideration of defendants' motion and plaintiffs' response thereto, I will grant defendants' motion.

## I. Background

Plaintiffs are both residents of New Jersey. On June 21, 2011, Plaintiffs were riding on a motorcycle in Elk Township, New Jersey. They claim they were injured when their motorcycle struck an unsafe condition on a railroad crossing. Plaintiffs argue that defendants Norfolk Southern Corp., Norfolk Southern Railway Co. and Consolidated Rail Corporation (Conrail) negligently maintained the rail road crossing. Plaintiff filed this personal injury against defendants in the Eastern District of Pennsylvania on June 19,

2013. Defendants answered denying all allegations and filed a counterclaim against plaintiff, Brad Gardner.

## II.  Standard of Review

A district court may transfer venue to any other district court for the convenience of the parties and witnesses, or in the interest of justice.  28 U.S.C. § 1404(a).  The moving party bears the burden of establishing the need for transfer, and plaintiff's choice of venue "should not be lightly disturbed."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  However, a plaintiff's choice is given less weight when the plaintiff choses a forum which is not his home.  Piper Airecraft Co. v. Ryno, 454 U.S. 235, 256 (1981).

When deciding whether to grant a § 1404 motion to transfer, courts consider both private interests and public interests.  Private interests include the preferences of both parties, whether the events giving rise to the action took place in another district, and the convenience and cost of travel for witnesses and parties.  Jumara, 55 F.3d at 879.  Public interests include enforceability of judgment, practical considerations and expense of trial, ease of accessing sources of proof, including the premises involved, local considerations in deciding local controversies at home, and the familiarity of the trial judge with applicable law.  Id at 879-80.

## III. Discussion

After balancing the public and private interests involved in this litigation, I will transfer this case to the United States District Court for the District of New Jersey.  First, plaintiff's choice of forum is entitled to less deference, because plaintiffs are citizens of

New Jersey and the cause of action arose in New Jersey. Second, since all of the witnesses are located in New Jersey, it is likely that the District of New Jersey will be more convenient. Third, New Jersey law will apply. Finally, and most decisively, this case involves an allegedly unsafe condition on a New Jersey road. This is a local concern which should be resolved by a jury composed of New Jersey residents. The only fact which supports denying defendants' motion is the location of Conrail's principal place of business in Philadelphia. However, the location of Conrail's headquarters is greatly outweighed by the balance of the interests involved.

Mr. Gardner's and Ms. Cataldi's choice to file this action in the Eastern District of Pennsylvania is not entitled to a high degree of deference. The convenience of the parties is a primary concern in a motion to transfer. When a plaintiff files in his home forum, it is presumed that the home forum is more convenient. Thus, when a plaintiff chooses to file in a foreign forum, the plaintiff loses the presumption in favor of his or her choice. Piper, 454 U.S. at 256. Plaintiff's choice of forum is also accorded less weight when all of the operative facts of the action occur in another district. Nat'l Mortgage Network, Inc. V. Home Equity Centers, Inc., 683 F. Supp. 116, 119 (E.D. Pa. 1988) (stating, plaintiff's choice of forum "is deserving of less weight where none of the operative facts of the action occur in the forum selected by the plaintiff."). Here, it is undisputed that plaintiffs are residents of New Jersey, and that all the events giving rise to this litigation occurred in New Jersey. In fact, plaintiffs admit that their choice of forum is entitled to

less deference. Doc. No. 12 at 4.[1] As a result, the defendants' burden of establishing the need to transfer the litigation is reduced. *See* Piper, 454 U.S. at 255 (affirming the district court's finding that the presumption in favor of the plaintiff's choice of forum "applies with less force when the plaintiff or real parties in interest are foreign.").

Transfer to the District of New Jersey is proper, because the witnesses are located in New Jersey. Defendants identify twelve potential witnesses all of whom live and/or work in New Jersey. With the exception of Dr. Weiss, who maintains offices in Pennsauken, NJ and Morrisville, PA, plaintiffs identify no witnesses they intend to call who reside or work in the Eastern District of Pennsylvania. Doc. No. 12 at 8. While plaintiffs correctly note that moving trial from Philadelphia to Camden will be minimally more convenient, transferring this case to the District of New Jersey is proper, because the public and private interests combined weigh in favor of granting defendants' motion. *See* Jumara, 55 F.3d at 880 (finding that a district court should apply the public and private factors to a motion to transfer "notwithstanding the proximity of the alternative fora.").

The applicability of New Jersey law also weighs in favor of transferring this case to the District of New Jersey. New Jersey premises liability law will apply because the allegedly dangerous condition is located in New Jersey. Since plaintiffs were driving in New Jersey at the time of the injury, the court will look to New Jersey motor vehicle statutes to determine if plaintiffs were contributorily negligent. While plaintiffs correctly note that I am capable of interpreting and applying New Jersey law, the fact that New

---

[1] All citations to the docket refer to the page number assigned by ECF.

Jersey law applies underlines the important fact that all events giving rise to the cause of action occurred in New Jersey. Combined with the fact that the plaintiffs are New Jersey residents, it is best that a federal judge from New Jersey preside over this case.

Finally, this case involves a matter of local concern which is best tried before a New Jersey jury. The central issue in this case is whether defendants created an unsafe condition on a New Jersey road. New Jersey has an important public interest in the safety of its roads. Plaintiffs contend that New Jersey's interests do not outweigh their choice of forum. As I have discussed, plaintiffs' choice of forum is entitled to less deference. New Jersey's interests in the safety of the state's roads are significant, and easily outweigh the plaintiff's choice of a foreign forum with no logical connection with the subject matter of this litigation. Therefore, the public interest favors trying this case before a New Jersey jury.

The only fact which favors denial of defendants' motion is the location of Conrail's headquarters in Philadelphia. Conrail's presence in Philadelphia favors trial in this district because it would be more convenient for Conrail. However, defendants' note that the Conrail employees who defendants will call as witnesses all live and work in New Jersey. Further, the litigation involves Conrail's property and business activity located in New Jersey. The location of Conrail's headquarters is outweighed by the other private and public interests involved in this case. Therefore, it is in the interests of justice to transfer this case to the District of New Jersey.

## IV.  Conclusion

Defendants have met their burden of establishing the need to transfer this case to the District of New Jersey.  The public and private interests in this case weigh greatly in favor of defendants' motion.  Therefore, I will grant the defendant's motion to transfer venue.